IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AARON PAUL RAMSEY, § | |
| Petitioner, § | |
| § | |
| v. § | No. 3:17-CV-232-D (BT) |
| § | |
| LORIE DAVIS, *Director* TDCJ-CID § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions, and Recommendation of the Magistrate Judge are as follows:

I.

Petitioner filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. For the following reasons, the Magistrate Judge recommends that the petition be dismissed.

Petitioner challenges his 2013 conviction for serious bodily injury to a child. *State of Texas v. Aaron Paul Ramsey*, No. F-12-53925-I (Crim. Dist. Ct. No. 2, Dallas County, Tex., Apr. 23, 2013). Petitioner was sentenced to life in prison. On December 2, 2014, the Fifth District Court of Appeals affirmed Petitioner's conviction and sentence. *Ramsey v. State*, No. 05-13-00575-CR,

1

2014 WL 6780594 (Tex. App. – Dallas, Dec. 2, 2014). Petitioner filed a motion for extension of time to file a petition for discretionary review ("PDR"). The court granted the extension, but Petitioner never filed a PDR.

On November 16, 2015, Petitioner filed a state habeas petition. *Ex parte Ramsey*, No. 84,544-01. On February 17, 2016, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court without a hearing.

On January 26, 2017, Petitioner filed the instant § 2254 petition. He argues:

1. The evidence was insufficient to support the conviction;

2. The trial court erred in overruling Petitioner's objection to the admission of his pre-*Miranda* statements; and

3. Petitioner was not informed that he was being recorded during his police questioning, or that the recording could be used at his trial.

On November 15, 2017, Respondent filed her answer arguing that the petition is time-barred. On February 8, 2018, Petitioner filed a reply.

II.

**A.  Statute of Limitations**

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal

habeas proceedings.  *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired.  *See* 28 U.S.C. § 2244(d)(1)(A).[1]

The Texas Court of Criminal Appeals granted Petitioner an extension of time until March 3, 2015, to file his PDR.  Petitioner did not file a PDR.  Petitioner's conviction therefore became final on March 3, 2015.  *See Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires,

---

[1] The statute provides that the limitations period shall run from the latest of--

>    (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
>    (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

3

regardless of when mandate issues).  Petitioner then had one year, or until March 3, 2016, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations.  *See* 28 U.S.C. § 2244 (d)(2).  On November 16, 2015, Petitioner filed a state habeas petition.  This petition tolled the limitations period for 94 days, until it was denied on February 17, 2016.  When 94 days were added to the limitations period, the new deadline became June 6, 2016.[2] Petitioner did not file his petition until January 26, 2017.  The petition is therefore untimely.

## B.   Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases."  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  The Fifth Circuit has held that "'[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'"  *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).  Petitioner bears the

---

[2] Petitioner's deadline fell on Sunday June 5, 2016.  Under Fed. R. Civ. P. 6(a), his deadline for filing the petition was extended to Monday, June 6, 2016.

4

burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Here, Petitioner states he is not knowledgeable about the law. Ignorance of the law, however, does not support a claim of equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (finding ignorance of the law, a prisoner's *pro se* status, illiteracy, and lack of legal training do not support equitable tolling of the AEDPA statute of limitations). Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

### III.

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the statute of limitations. *See* 28 U.S.C. §2244(d).

Signed May 30, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).